## CLEVELAND WRECKING CO. OF CINCINNATI, Inc. v. UNITED STATES.

### No. 50154.

United States Court of Claims.

Oct. 7, 1952.

Howard Gould, Cincinnati, Ohio, for plaintiff.

Gilbert E. Andrews, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This is an action by a contractor with the Bureau of Yards and Docks of the Navy Department for the recovery of $5,300, assessed as liquidated damages against plaintiff for delays in the performance of the contract. Plaintiff alleges that defendant's contracting officer wrongfully denied its request for an extension of time within which to complete the contract.

Subsequent to its answer to plaintiff's petition defendant filed a motion for judgment on the pleadings. It is this motion which is here under consideration.

The contract provided that "the determination of the contracting officer shall be final, subject only to appeal under the provisions of Article 16." Defendant's answer sets forth Article 16 in part as follows:

> . "Within 30 days from said mailing [of notification of the Contracting Officer's determination] the Contractor may appeal to the Secretary of the Navy, whose decision shall be final and conclusive upon the parties * * *."

It is defendant's first contention in support of its motion that plaintiff failed to make a timely appeal to the Secretary of the Navy from the determination of the contracting officer denying plaintiff's request for an extension of time, and that therefore plaintiff cannot be heard to complain of that determination in this court. United States v. Joseph A. Holpuch, 328 U.S. 234, 239, 240, 66 S.Ct. 1000, 90 L.Ed. 1192.

The arguments presented on this motion, together with assertions by plaintiff in its response thereto and in open court, which have subsequently been incorporated by plaintiff in its amended petition,[1] disclose

---

1. See Ulen Contracting Corp. v. Tri-County Electric Co-op., D.C., 1 F.R.D. 284 (which in a similar situation disposed of the motion upon the amended pleadings).

a genuine issue as to the timeliness of plaintiff's appeal to the Secretary of the Navy. Defendant's motion for judgment on the pleadings must therefore be denied, to the extent that it rests upon failure of plaintiff to make timely appeal to the Secretary. Denial of defendant's motion, of course, is without prejudice to defendant to renew this contention in such manner as may be appropriate and consistent with the subsequent development of the action.

As to its second contention defendant asserts that plaintiff has failed to allege fraud or conscious wrongdoing on the part of either the contracting officer or the Secretary of the Navy, and that under the rule enunciated in United States v. Wunderlich, 342 U.S. 98, 72 S.Ct. 154, the decision of the contracting officer is final and binding upon the plaintiff in the absence of such fraud or conscious wrongdoing.

It is the decision, however, not of the contracting officer but rather of the head of the department to whom there has been timely appeal, which is binding upon a contractor under the Wunderlich rule. That decision may or may not be in agreement with the decision of the contracting officer.

██ In this connection plaintiff alleges in its amended petition that it not only made timely appeal to the Secretary of the Navy, but that the Secretary referred the matter to the Navy Board of Contract Appeals for hearing by that Board. Plaintiff alleges that the appeal was pending before the Board from February 24, 1949, to January 19, 1950, when counsel for the Bureau of Yards and Docks filed with the Board a motion to dismiss the appeal on the ground that it had not been timely filed. The Board granted the motion on the ground stated, and dismissed plaintiff's appeal for want of jurisdiction.[2] Plaintiff states that the Secretary of the Navy has never passed on the merits of plaintiff's appeal nor has the Board taken any other action except as noted.

Assuming the appeal was timely, by the express terms of the contract plaintiff had a right to appeal to the Secretary of the Navy as the head of the department, i. e., a right to have the Secretary review the contracting officer's determination upon its merits. Upon such appeal the plaintiff would not have been bound by the fraud limitation of Wunderlich.

Here, however, under plaintiff's allegations it was denied the right to have the contracting officer's determination reviewed by the head of the department.[3] There was no decision of the head of the department upon which the fraud limitation of Wunderlich could fasten. Plaintiff having been denied its contract right of appeal to the Secretary where it could have presented its case on the merits without having first to surmount the formidable obstacle of proving fraud by the contracting officer, to require plaintiff here to allege and prove such fraud or conscious wrongdoing would be an emasculation of plaintiff's right of appeal under the contract almost as complete as if such right had never existed. We do not believe that Wunderlich applies to the situation disclosed here.

██ If plaintiff's appeal to the Secretary of the Navy was timely, and was erroneously dismissed for failure to file in time, we see no reason in the pleadings before us to require plaintiff to allege and prove fraud or conscious wrongdoing by the contracting officer or the Secretary of the Navy. Defendant's second contention must therefore also be rejected.

Accordingly defendant's motion for judgment on the pleadings is denied, and the case is referred to a commissioner of the court for such further proceedings as may be required. It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.

---

2. That this court may review the Board of Contract Appeals' determination of lack of jurisdiction for failure to file a timely appeal, see Climatic Rainwear Co. v. United States, 88 F.Supp. 415, 115 Ct.Cl. 520, 567.

3. As to the right to appeal to the head of the department, see Livingston v. United States, 101 Ct.Cl. 625, 639, and Climatic Rainwear Co. v. United States, supra.